hBYRNES, Judge.
The trial court maintained an exception of res judicata in favor of defendants Robert B. Keaty, Thomas S. Keaty and the law firm of Keaty & Keaty and dismissed plaintiffs’ Petition for Damages and Demand for Accounting. Plaintiffs’ motion for a new trial was denied. The decisions of the trial court were rendered without oral reasons or the written reasons requested by plaintiffs. Plaintiffs appeal devolutively. We reverse.
*734 All plaintiffs-appellants in this matter, Leonor Celso Agader, Romeo Agana, Nica-nor Armada, Godofredo Buendia, Epifano Garcia, Jr., Edgardo Ginco, Danilo Gutierrez, Ernesto Labsan, Angelico Martinez, Vincente M. Mendi, Leopoldo Perez, Ireno Quiambao, Redentor Sales, Rogelio Torilla, Jose Tuazon, Petronilo Garnett, Enrique Mámales, Jaime de Mesa, Ben Diacosta, and Jorge S. Lopez are citizens and residents of the Phillipines. Plaintiffs claim damages arising out of their service on the McDermott Derrick Barge No. 29 in the China Sea. It was struck by a typhoon in August of 1991 and sank. All plaintiffs retained the Philippine law firm of Tan, Manzano & Velez which in turn retained the defendant | Jaw firm of Keaty & Keaty to represent plaintiffs’ interests in litigation filed in the United States.
The record contains a confirmation letter dated September 28, 1991 from Tan, Manza-no & Velez setting forth that each firm would advance its own expenses subject to reimbursement. In April of 1992 plaintiffs executed a power of attorney and an attorney client contract naming both firms. Defendants have not challenged the authenticity of these documents.
Eventually plaintiffs’ claims against McDermott were settled. Keaty and Keaty apparently distributed the net settlement funds after deducting their 40% legal fee, plus 10% of each settlement as common, expenses, plus $1,000.00 per plaintiff for personal expenses.[1] Each plaintiff executed a “Receipt and Release with Indemnity” on April 2,1993, with the exceptions of Diacosta who signed on April 12, and de Mesa who signed on June 15, 1993. All aré identical in form and content.
Although the trial court did not render written reasons for judgment (as requested), the defendants both below and in this court argued that the aforementioned “Receipt and Release with Indemnity” constituted a settlement and compromise having the force of a thing adjudged, i.e., having res judicata effect. If the judgment of the trial court is to be maintained, it must be on the strength of the “Receipt and Release with Indemnity” executed by each plaintiff.
Defendants’ position is best characterized by quoting from their brief:
Each and every plaintiff herein appeared before a Notary Public and granted full, final and complete releases from any further accounting stating “I am fully satisfied ... and hereby affirm that the releas-ees have done their | ¡¡professional and legal best and that they have complied with the requirements of law and ethics.” Further, the plaintiffs attest that “I have no more amounts owing .. as everything is fully accounted for including their expenses to my complete satisfaction.”
We are disturbed that in making this argument both to the trial court and to this Court the defendants imply that the quoted language refers to Keaty & Keaty. However, by the convenient use of ellipses defendants fail to state that the releases are only in favor of Tan, Manzano & Velez. The form specifically references the firm of Tan, Man-zano and Velez in four places:
1. I ... hereby remise, release and forever discharge the law firm of TAN, MANZANO & VELEZ, their partners[2], lawyers and employees, from any and all manner of claims whatsoever ...
I am fully satisfied with the services of the law firm of TAN, MANZANO & VELEZ
[[Image here]]
2. My withdrawal for payment of my share in general and specific expenses of Tan, Manzano & Velez ... [Here is inserted a specific amount patently limited to the expenses of the Tan firm only. There is no mention of the amount of expenses charged by Keaty & Keaty.]
3. I have no more amounts owing from TAN, MANZANO & VELEZ as every *735 thing is fully accounted for including their expenses to my complete satisfaction;
It is significant that this Receipt and Release mentions only Tan, Manzano & Velez, but the original contracts of employment and the original powers of attorney refer to both firms separately by name.
|4There are numerous other documents in the record which support plaintiffs’ contention that they have never received a proper accounting for expenses charged by the defendants. Defendants have not contested the authenticity of any of those documents on this appeal, nor do we see from the record that defendants challenged them below.
There is no live testimony in the record. There are no issues of credibility peculiarly within the province of the fact finder. The holding of the trial court is so contradicted by objective evidence as to be manifestly erroneous/clearly wrong. Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993).
The amount withheld by Keaty & Keaty for expenses in connection with these and related claimants appears to be in excess of two million dollars.
When a law firm claims it is released by a client through a release that fails to name that firm as a party to the release, the burden should be on that law firm to prove that it was intended to be covered by that release. Defendants have failed to carry this burden of proof.
For the foregoing reasons the judgment of the trial court is reversed and the defendants’ exception of res judicata is denied. The case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. Defendants do not dispute these allegations of the plaintiffs.

. Keaty and Keaty contend that the term “partner” was intended to include Keaty and Keaty in the release because Keaty & Keaty were "partners pro hac vice” with the Tan law firm on this case. This construction is unnatural and strained and there is no support in the record. The natural way to read this is as reference to partners in the Tan firm whose names do not appear in the firm name.